a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OLAUDAH MCKENZIE #19301-021,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-02458<br>SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN U S P POLLOCK,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Olaudah McKenzie ("McKenzie"). McKenzie is incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the legality of his sentence.

Because McKenzie cannot proceed under the savings clause of 28 U.S.C. § 2255(e) and cannot seek review of an earlier Judgment of this Court, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I.  Background

McKenzie pleaded guilty to distribution and conspiracy to possess with intent to distribute a quantity of cocaine. *McKenzie v. United States*, 6:15-CV-001, 2017 WL 930146, at *1 (S.D. Ga. 2017), *report and recommendation adopted*, 2017 WL 902888 (S.D. Ga. 2017). He was sentenced to 169 months of imprisonment. *Id.* McKenzie's presentence investigation report ("PSI") included a career offender enhancement under U.S.S.G. § 4B1.1. *Id.* One of the qualifying offenses was a

1

conviction from the State of Georgia for felony obstruction of a law enforcement officer, where McKenzie forcefully resisted officers. *Id.* at *5.

McKenzie filed a motion to vacate under § 2255 in the district court, which was denied. He then sought leave to file second and successive habeas petition, which was also denied. *In Re: Olaudah McKenzie*, No. 21-14047, 11th Cir. (12/14/21) (unpublished).

McKenzie filed a § 2241 Petition in this Court challenging the legality of his sentence. *See McKenzie v. McConnell,* 1:21-CV-4393. A Report and Recommendation was issued and adopted by the District Judge. An Objection to the Report and Recommendation was received by the Clerk of Court the same day, after the Judgment was signed. *Id.* at ECF Nos. 7, 8, 9. The District Judge determined that the Objection was not timely filed, but even if it had been, the Judgment dismissing the Petition for lack of jurisdiction was correct. *Id.* at ECF No. 9.

McKenzie then filed this § 2241 Petition re-urging the merits of his claim and arguing that the District Judge violated his rights by refusing to accept his Objection to the Report and Recommendation. ECF No. 1.

II. <u>Law and Analysis</u>

A federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381

(5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause of 2255(e) allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Before a petitioner may pursue relief through § 2241 via the savings clause, the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

In his prior § 2241 Petition, McKenzie attempted unsuccessfully to meet the savings clause based on *Borden v. United States*, 141 S.Ct. 1817 (2021). *See* 1:21-CV-4393, ECF No. 1. McKenzie now claims that *Descamps v. United States*, 133 S.Ct. 2276 (2013), applies retroactively and establishes that he is innocent. ECF No. 1.

First, *Descamps* does not apply retroactively on collateral review. *See United States v. Morgan*, 845 F.3d 664 (5th Cir. 2017). Second, *Descamps* was decided in

2013, before McKenzie's sentence was imposed. Therefore, McKenzie cannot rely on *Descamps* to satisfy the requirements of the savings clause.

Finally, McKenzie's cannot seek review or reconsideration of the earlier Judgment and Order in this Court. An appeal of a district court Judgment must be brought in the appropriate court of appeals.

## III. Conclusion

Because McKenzie does not meet the requirements of the savings clause and cannot seek review of this Court's earlier Judgment through a new § 2241 Petition, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of McKenzie's claim.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, October 27, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE